## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ALEXANDER ZENO,

    Appellant,

    v.

DEPARTMENT OF EDUCATION,

    Appellee.

Case No. MJM-22-2389

---

## MEMORANDUM OPINION

This matter is before the Court on appeal by pro se Plaintiff/Appellant Alexander Zeno of an Order issued by the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court") on September 7, 2022, which granted Defendant/Appellee Department of Education's ("DOE") motion to dismiss. ECF No. 1. The issue before the Court on appeal is whether the Bankruptcy Court erred as a matter of law when it concluded that: (1) it did not have subject matter jurisdiction regarding DOE's ability to enforce or collect the at-issue loans; and (2) the interest and penalties on Zeno's student loan debt are excepted from discharge under 11 U.S.C. § 523(a)(8).[1]

This matter is fully briefed, and the Court has reviewed the briefs and record on appeal, ECF Nos. 8 (Appellant's Designation of the Record), 14 (Appellee's Designation of the Record),

---

[1] Zeno states that the issue for appeal is determining whether "[a]ll interest and penalties, pre and post bankruptcy petition, must have been discharged because the loan in question is a loan of the 11 U.S.C. § 523(a)(8)(B) type and not of the 11 U.S.C. § 523(a)(8)(A) type." ECF No. 15 at 4. However, the Bankruptcy Court did not make a determination regarding this issue, and it is not before this Court on appeal. Rather, the Bankruptcy Court found that Zeno's claims must be dismissed notwithstanding whether his loans were categorized under § 523(a)(8)(A) *or* § 523(a)(8)(B).

15 (Appellant's Brief), and 18 (Appellee's Brief). No hearing is necessary. Loc. R. 105.6 (D. Md. 2023). For the reasons below, the decision of the Bankruptcy Court is AFFIRMED.

## I.    BACKGROUND

In 1999, Zeno obtained consolidation loans from DOE totaling $86,363.11. *See* Certificate of Indebtedness #1 of 1, *Zeno v. Dep't of Educ.*, No. 21-00172 (Bankr. D. Md. Dec. 22, 2021), ECF No. 20-2. Thereafter, on March 3, 2016, Zeno took out another loan in the amount of $2,746.00, on which he owed $3,171.44 as of October 26, 2021. *Id.*[2] As of October 26, 2021, the amount due and owing on the loans, including interest, was $193,811.17. *Id.* On September 23, 2014, Zeno filed for Chapter 7 voluntary bankruptcy. *In re Alexander Zeno*, No. 14-24770-TJC (Bankr. D. Md. Sept. 23, 2014), ECF No. 1.

Zeno filed an adversary proceeding on July 2, 2021. ECF No. 8-2 at 9. The Amended Complaint asserts four counts, each in the alternative to the others: (1) the money that Zeno borrowed should be categorized under 11 U.S.C. § 523(a)(8)(B) rather than under § 523(a)(8)(A) and, therefore, should be considered discharged; (2) because Zeno's loan is a consolidated loan, it should not be excepted from discharge; (3) interest and penalties should not be included as part of the loan; and (4) at maximum, plaintiff should owe no more than the amount of debt he listed on Schedule F of his Bankruptcy Petition, $137,601. ECF No. 8-3 at 2. Zeno specifically acknowledges that he is not appealing the Bankruptcy Court's findings with respect to Counts 2

---

[2]    The Court will refer to all of Zeno's loans collectively as the "loan" or "loans."

and 4.[3] ECF No. 15 at 4 n.1.

Appellees filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 8-2 at 7. Following a motions hearing, the Bankruptcy Court dismissed the Amended Complaint with prejudice on September 6, 2022. ECF No. 8-4 at 2. The Bankruptcy Court held, for the reasons stated on the record during its motions hearing, that "plaintiff's consolidated loans to the Department of Education are excepted from discharge under 11 U.S.C. § 523(a)(8), provided, however, that plaintiff's request for a determination of the amount due on the loans is dismissed for lack of subject matter jurisdiction." *Id.*

Regarding Count 1 of Zeno's Amended Complaint, the Bankruptcy Court acknowledged Zeno's contention "that his loans do not fall under section 523(a)(8)(A) because Defendant cannot produce the promissory notes." ECF No. 14-1 (hereinafter "Mots. Hr'g") at 32:17–20.[4] Ultimately, however, the Bankruptcy Court found that that it lacked subject matter jurisdiction on this issue and, instead, ruled only on Zeno's argument that the loan should not have been excepted from discharge.

The Bankruptcy Court observed that "Defendant has submitted an affidavit and numerous exhibits that establish beyond any real question that the loans were made by [DOE] . . . [and qualify

---

[3]    Zeno states that "[t]he claim on Count 4 . . . is withdrawn. The claim on Count 2 is preserved for argument before the Fourth Circuit because of precedent contrary to [his] position . . . ." ECF No. 15 at 4 (citing *Sheer v. Educ. Cred. Mgmt. Corp.*, 245 B.R. 236 (D. Md. 1999), *aff'd sub nom*, *In re Sheer*, 229 F.3d 143 (4th Cir. 2000)). Zeno does not advance any arguments on appeal regarding the Bankruptcy Court's decisions with respect to Counts 2 or 4. Accordingly, this Court will not address either count, and they will not be considered on appeal. *See, e.g.*, *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 469 (2000) (court must "be fairly put on notice as to the substance of the issue" on appeal); *Malbon v. Pa. Millers Mut. Ins. Co.*, 636 F.2d 936, 941 (4th Cir. 1980) ("It is elementary that an issue not raised below will not, absent extraordinary circumstances . . . be considered on appeal."); *United States v. Lavabit, LLC (In re Under Seal)*, 749 F.3d 276, 288 (4th Cir. 2014) (finding that appellant failed to preserve issue for appeal where it "neither 'plainly' nor 'properly' identified [the] issues for the district court").

[4]    For clarity of record, the Court will cite the Bankruptcy Court's opinion by page and line designations of the motions hearing transcript, rather than by ECF page number.

as] section 523(a)(8) loans and [Zeno's] claim would fail by reference to these documents." *Id.* at 33:15–24. Nonetheless, even accepting, *arguendo*, that the loans were categorized under § 523(a)(8)(B), the court held, in relevant part, as follows:

> Section 523(a)(8)(B) excepts from discharge, as pertinent here, "any other educational loan that is a qualified education loan as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a Debtor that is an individual."
>
> Plaintiff's reliance on [26] U.S.C. 221 to support his argument that section 523(a)(8)(B) loans are not entitled to interest is misplaced.
>
> 26 U.S.C. section 221(d) defines qualified education loan as "any indebtedness incurred by the taxpayer solely to pay the qualified higher education expenses." Nothing in this provision limits the [debt] on the qualified education loans, principal only, or excluded interest from the loan.
>
> By its term, the provision applies to "any indebtedness." Any indebtedness includes all amounts due on the qualified education loan, including interest and other charges.
>
> Indeed, the entire point of 26 U.S.C. section 221 is to provide for the tax deduction for interest paid on a qualified education loan and to establish the maximum deduction allowed for interest. See 26 U.S.C. section 221(a) and (b).
>
> It is wholly unconvincing to argue that a qualified education loan under 26 U.S.C. section 221(d) does not include interest when the very purpose of that provision is to allow for the deduction of interest on such a loan.

*Id.* at 34:6–35:6.

Regarding Count 3, the Bankruptcy Court rejected Zeno's argument that interest and other charges are not included in the student loan for purposes of § 523(a)(8). *Id.* at 37:6. The court acknowledged that "[t]he term debt is defined in [11 U.S.C. § 101(12)[5]] as liability on a claim. Thus, under the plain meaning of the bankruptcy code and the ordinary use of the term, the statute

---

[5]    The Bankruptcy Court mistakenly cited 11 U.S.C. § 102, which deals with rules of construction, rather than § 101, which provides definitions.

excepts from discharge Debtor's liability on the student loan claim." *Id.* at 37:12–16. Further, "[n]othing in the statute limits the obligation to principal only." *Id.* at 37:18–19. The court cited numerous supportive decisions. *See Kielisch v. Educ. Credit. Mgmt. Corp. (In re Kielisch)*, 258 F.3d 315, 321 (4th Cir. 2001) ("debtor remains personally liable for the full amount of the student loan debt[,]" including interest)); *Bruning v. United States*, 376 U.S. 358, 360 (1964) ("interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to prompt repayment and, thus, an integral part of a continuing debt"); *Leeper v. Pa. Higher Educ. Assistance Agency*, 49 F.3d 98, 101 (3d Cir. 1995) (applying *Bruning* to student loan context and finding that "if a tax debt was nondischargeable, post-petition interest on that debt would also be nondischargeable"); *Richardson v. Educ. Loan Servicing Ctr. (In re Richardson)*, No. 03-1168, 2005 WL 4677829, at *2 (Bankr. E.D. La. June 20, 2005) ("interest on student loan obligations is not dischargeable").

Accordingly, the Bankruptcy Court dismissed the four counts of Zeno's complaint with prejudice and dismissed Zeno's request that the court determine the amount due on the loan for lack of subject matter jurisdiction. *Id.* at 40:12–17.

On September 19, 2022, Zeno timely filed his Notice of Appeal from the Bankruptcy Court's decision. ECF No. 1.

## II.    LEGAL STANDARD

Zeno filed this bankruptcy appeal under 28 U.S.C. § 158(a). Bankruptcy appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts . . . ." 28 U.S.C. § 158(c)(2). On appeal, this Court reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law de novo. *See Devan v.*

*Phoenix Am. Life Ins. Co. (In re Merry-Go-Round Enters.)*, 400 F.3d 219, 224 (4th Cir. 2005); *In re Kielisch*, 258 F.3d at 319.

Factual findings are clearly erroneous "only when the reviewing court 'is left with the definite and firm conviction that a mistake has been committed.'" *Citizens Bank of Md. v. Broyles (In re Broyles)*, 55 F.3d 980, 983 (4th Cir. 1995) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)). Moreover, "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." *Farouki v. Emirates Bank Int'l*, 14 F.3d 244, 250 (4th Cir. 1994) (citing Fed. R. Bankr. P. 8013). So long as the bankruptcy court's account of evidence is plausible, the district court may not reverse the decision simply because it would have weighed the evidence differently. *In re Broyles*, 55 F.3d at 983 (citing *Anderson*, 470 U.S. at 573); *McGahren v. First Citizens Bank & Trust Co. (In re Weiss)*, 111 F.3d 1159, 1166 (4th Cir. 1997). If there are "two permissible views of evidence, the factfinder's choice between them cannot be clearly erroneous." *In re Weiss*, 111 F.3d at 1166 (citing *Anderson*, 470 U.S. at 573–74).

"[T]he decision of a bankruptcy court must be affirmed if the result is correct even if the lower court relied upon a wrong ground or gave a wrong reason." *Okoro v. Wells Fargo Bank, N.A.*, 567 B.R. 267, 271 (Bankr. D. Md. 2017) (internal quotation marks omitted) (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943)). Thus, this Court "may affirm the bankruptcy court on any ground supported by the record." *LeCann v. Cobham (In re Cobham)*, 551 B.R. 181, 189 (Bankr. E.D.N.C. 2015), *aff'd*, 669 F. App'x 171 (4th Cir. 2016). Nonetheless, the district court "may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings." *Harman v. Robertson*, 772 F.2d 1150, 1153 n.3 (4th Cir. 1985); Fed. R. Bankr. P. 8013.

Filings by pro se litigants are held "to less stringent standards than formal pleadings drafted by lawyers." *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021); *see also* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). The Court will not "attempt to discern the unexpressed intent of the plaintiff," but will "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (internal quotations and citation omitted).

## III.    ANALYSIS

Zeno's primary arguments on appeal is that the Bankruptcy Court erred in holding that his loans were subject to interest and penalties and were not dischargeable under 11 U.S.C. § 523(a)(8)(B). ECF No. 15 at 4–5. For the reasons stated below, the Court affirms the Order issued by the Bankruptcy Court dismissing Zeno's complaint with prejudice.

### A.    The Bankruptcy Court did not err in concluding that it lacked subject matter jurisdiction regarding DOE's ability to enforce or collect the at-issue loans.

In his appeal brief, Zeno contends that, because DOE has not produced the promissory notes relating to his loan, the loan cannot be classified as a guaranteed student loan. ECF No. 15 at 7–8.

Preliminarily, the Bankruptcy Court did not make a determination regarding the impact of DOE's inability to produce promissory notes on Zeno's loan. Mots. Hr'g at 33:8–10. Rather, it noted that "the effect of Defendant's inability to produce the notes . . . on Defendant's ability to enforce or collect the loans is not before me." *Id.* Indeed, the court correctly observed that it lacked subject matter jurisdiction regarding DOE's ability to enforce or collect the loan. Mots. Hr'g at 33:13–14. As the Fourth Circuit has explained:

7

> "Federal bankruptcy courts, like the federal district courts, are courts of limited jurisdiction." *Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 399 (4th Cir. 1992). Two statutes govern jurisdiction over bankruptcy proceedings, 28 U.S.C. §§ 157 and 1334. Under the latter statute, district courts "have original and exclusive jurisdiction of all cases under title 11," and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases until title 11." § 1334(a), (b). Under § 157, district courts can refer § 1334(a) and (b) cases to bankruptcy courts. § 157(a). While subject matter jurisdiction is determined by § 1334, the application of § 157(b) and (c) determines the bankruptcy court's authority to act once that jurisdiction is established. *See Valley Historic Ltd. P'ship v. The Bank of New York*, 486 F.3d 831, 839 n.3 (4th Cir. 2007).

*Educ. Credit Mgmt. Corp. v. Kirkland (In re Kirkland)*, 600 F.3d 310, 315 (4th Cir. 2000).

*In re Kirkland*, the Fourth Circuit held that the Bankruptcy Court lacked subject matter jurisdiction regarding the creditor's "claim to post-petition interest and collection costs [because that issue] is not a matter 'under Title 11,' nor is it a civil proceeding 'arising in,' or 'related to' [the debtor's] bankruptcy petition. This is so because [the creditor's] claims to post-petition interest and collection costs arose entirely independent from [the debtor's] bankruptcy proceeding." *Id.* at 316.

Similarly, in this case, the Bankruptcy Court lacked jurisdiction regarding DOE's ability to enforce or collect the loan—and interest, collection costs, or penalties associated therewith—because such an action "is based on a contractual right created by the loan agreement and . . . the right to collect . . . interest is not affected by or part of the bankruptcy proceeding." *Id.* Thus, it cannot be said to be an issue that "arises under Title 11." *Id.* The Bankruptcy Court did not err in finding that it lacked subject matter jurisdiction regarding the impact of DOE's inability to produce promissory notes on DOE's ability to enforce or collect Zeno's loans.

**B.  The Bankruptcy Court did not err in concluding that the interest and penalties on the loans are excepted from discharge under 11 U.S.C. § 523(a)(8)(B).**

Zeno next argues that the Bankruptcy Court erred in concluding that interest and penalties on qualified education loans under 11 U.S.C. § 523(a)(8)(B) are not dischargeable.[6] ECF No. 15 at 9. He similarly argues that student loans classified under § 523(a)(8)(B) "must be limited to the money borrowed" and cannot include interest or penalties. *Id.* at 8.

Preliminarily, under 11 U.S.C. § 523(a):

> (a) A discharge under . . . this title . . . does not discharge an individual debtor from any debt . . .
>
> > (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for—
> >
> > > (A)
> > >
> > > > (i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
> > > >
> > > > (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
> > >
> > > (B) any other educational loan that is a qualified education loan, as defined in [26 U.S.C. § 221(d)(1)], incurred by a debtor who is an individual . . .

This language "means that three categories of educational debt cannot be discharged in bankruptcy: (1) loans and benefit overpayments backed by the government or a nonprofit [*see* 11 U.S.C. § 523(a)(8)(A)(i)]; (2) obligations to repay funds received as an educational benefit, scholarship, or stipend [*see id.* § 523(a)(8)(A)(ii)]; and (3) qualified private educational loans [*see*

---

[6]    Zeno does not contest that interest and penalties would be excepted from discharge if his loan were categorized under § 523(a)(8)(A). Nonetheless, the Bankruptcy Court found that—notwithstanding the DOE's affidavit and exhibits supporting that the loan is covered by § 523(a)(8)(A)—Zeno's claims would be dismissed even if the loan were categorized under § 523(a)(8)(B).

*id.* § 523(a)(8)(B)].*" Homaidan v. Sallie Mae, Inc.*, 3 F.4th 595, 601 (2d Cir. 2021); s*ee also Crocker v. Navient Sols., L.L.C. (In re Crocker)*, 941 F.3d 206, 217 (5th Cir. 2019).

Ultimately, the Bankruptcy Court did not decide whether Zeno's loan was classified under § 523(a)(8)(A) or § 523(a)(8)(B). Rather, it held that Zeno's claims failed irrespective of the statutory category under which the loan was classified. Mots. Hr'g at 34:6–35:6. That is, the court held, under either section, Zeno's "indebtedness includes all amounts due on the qualified education loan, including interest and other charges." *Id.* at 34:20–22.

Zeno appears to argue that the Bankruptcy Court improperly relied on Supreme Court and Fourth Circuit precedent, respectively, in *Bruning*, 376 U.S. 358, and *In re Kielisch*, 258 F.3d 315. In this regard, he argues the Bankruptcy Court—and, by extension, the Supreme Court and Fourth Circuit—incorrectly interpreted 11 U.S.C. § 523 and 28 U.S.C. § 221 because these statutes do not explicitly define a "student loan" as encompassing interest and/or penalties.[7]

Zeno's argument fails. As the Bankruptcy Court correctly observed:

> Section 523(a)(8)(B) excepts from discharge, as pertinent here, "any other educational loan that is a qualified education loan as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a Debtor that is an individual." . . . 26 U.S.C. section 221(d) defines qualified education loan as "any indebtedness incurred by the taxpayer solely to pay the qualified higher education expenses." Nothing in this provision limits the depth on the qualified education loans, principal only, or excluded interest from the loan. By its term, the provision applies to "any indebtedness." Any indebtedness includes all amounts due on the qualified education loan, including interest and other charges.

Mots. Hr'g at 34:6–22.

---

[7]    Zeno does not challenge the Bankruptcy Court's conclusion that consolidated loans are excepted from discharge. ECF No. 15 at 4 n.1. Indeed, the Bankruptcy Court correctly concluded that, by the plain language of 26 U.S.C. § 221(d), "a consolidation loan of a qualified education loan is indeed a qualified education loan and therefore is involved under section 523(a)(8)(B)." Mots. Hr'g at 35:23–36:1.

The Bankruptcy Court's findings are supported by the plain language of the statute itself as well as existing precedent, namely, *Bruning* and *In re Kielisch*.[8] In *Bruning*, the Supreme Court held that "post-petition interest on an unpaid tax debt not discharged by [§ 17 of the Bankruptcy Act] remains, after bankruptcy, a personal liability of the debtor." 376 U.S. at 363. *In re Kielisch*, the Fourth Circuit extended the *Bruning* rationale to the student loan context, holding that "interest continues to accrue during the pendency of the bankruptcy proceedings and . . . the debtor remains personally liable for the full amount of the student loan debt." 258 F.3d at 321. As the Bankruptcy Court recognized, several other courts have similarly found that student loan interest is not dischargeable. *See, e.g.*, *United States Dep't of Educ. v. Blair (In re Blair)*, 301 B.R. 181 (Bankr. D. Md. 2003) ("post-petition interest on the student loan continues to accrue during bankruptcy proceedings and, absent proof of undue hardship, the debtor remains personally liable for the full amount of the student loan debt—i.e., both the principal and interest") (internal quotation marks and citation omitted); *Leeper*, 49 F.3d at 101 (applying *Bruning* to student loan context and finding that "if a tax debt was nondischargeable, post-petition interest on that debt would also be nondischargeable"); *In re Richardson*, 2005 WL 4677829 at *3 (debtor's "nondischargeable liability for the student loan obligation includes both pre- and post-petition interest"); *In re Sullivan*, 195 B.R. 649, 653 (Bankr. W.D. Tex. 1996) (debtor remains liable post-discharge for nondischargeable post-petition interest accruing on student loan claim).

This Court affirms the Bankruptcy Court's conclusion that *Bruning* and *In re Kielisch*, taken together, establish that interest on a student loan obligation is not dischargeable under §

---

[8]      Zeno argues this Court is not bound by *Bruning* and *In re Kielisch* because they are factually dissimilar from the present case. But the Bankruptcy Court's decision is not "contrary to law simply because it applied existing case law precedent in this factually distinguishable, subsequent case. Indeed, to say that case law is often applied to factually different, later cases would be an understatement." *Murphy v. Freightliner Custom Chassis Corp.*, No. 2:16-CV-226, 2016 WL 10880159, at *3 (S.D. Ohio Nov. 17, 2016).

523(a)(8). As such, the Bankruptcy Court did not err in finding that Zeno's student loan (principal and interest) was not dischargeable.

## IV.   CONCLUSION

For the reasons stated herein, the Court affirms the Order issued by the Bankruptcy Court dismissing Zeno's complaint with prejudice.

A separate Order will issue.


March 28, 2024                                  _____/S/_____
                                                Matthew J. Maddox
                                                United States District Judge